J-S50005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAMEK HASAN HYNSON | |
| Appellant | No. 559 EDA 2015 |

Appeal from the PCRA Order January 20, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000946-2010

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 08, 2015**

Appellant, Shamek Hasan Hynson, appeals *pro se* from the order entered January 20, 2015, in the Court of Common Pleas of Chester County, which denied his PCRA[1] petition.  We affirm.

On December 18, 2012, Appellant entered a guilty plea to first degree murder and criminal conspiracy and was sentenced to a term of life imprisonment.  Appellant did not file a direct appeal.  Appellant filed a timely PCRA petition.  The PCRA court appointed counsel.  Counsel subsequently filed a petition to withdraw and a **Turner/Finley**[2] no-merit letter.  The PCRA

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition; Appellant filed a response thereto. The PCRA court then dismissed Appellant's petition and granted appointed counsel permission to withdraw. This timely *pro se* appeal followed.[3]

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is as follows. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Hall**, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. **See Commonwealth v. Heilman**, 867 A.2d 542, 544 (Pa. Super. 2005).

Appellant argues on appeal that the ineffective assistance of trial counsel rendered his guilty plea involuntary and unknowing. Specifically, Appellant claims that trial counsel failed to investigate an ongoing internal affairs investigation involving the lead detective in his case, that counsel induced Appellant into pleading guilty with false promises regarding a federal sentence he was serving concurrent to the state sentence, and that counsel

---

[3] Appellant's appeal is timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 2007), and **Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278 (Pa. 1996).

pressured him into entering his guilty plea despite Appellant's assertions of innocence.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (citations and internal quotation marks omitted).

In assessing the voluntariness of a guilty plea, we note that "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted).

> With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences. Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Competence to plead guilty requires a finding that the

defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him.

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (internal quotation marks and citations omitted).

The PCRA court explained its reasons for rejecting Appellant's claim that trial counsel's ineffectiveness rendered his guilty plea involuntary as follows.

> Prior to entering into his plea, Appellant completed a written plea colloquy. Prior to accepting his plea, the [c]ourt engaged in an on-the-record colloquy. Under oath, and in his written colloquy, Appellant admitted committing the crime of first degree murder and to shooting and killing Omar Reid. N.T. 12/18/12, p. 5; Guilty Plea Colloquy, pp. 2, 5. He acknowledged that the crime of first degree murder carried with it a mandatory minimum sentence of life in prison or death. Guilty Plea Colloquy ¶ 37. Under oath [Appellant] stated that he was satisfied with his lawyers' representation, N.T. 12/18/12, p. 2, and agreed with his lawyer's statement that they had met at least sixty times to discuss the case. N.T. 12/18/12, pp. 16-17. Appellant stated that he understood that by pleading guilty he was giving up the right to file certain motions, including a motion to suppress evidence. Guilty Plea Colloquy ¶ 19; N.T. 12/18/12, pp. 3-4. Appellant acknowledged that he did not need to enter into the guilty plea, and specifically agreed that no force or threats had been used against him in order to get him to enter into his plea. Guilty Plea Colloquy p. 6. He agreed that the decision to plead guilty was his own, Guilty Plea Colloquy ¶ 49, and responded affirmatively to the [c]ourt's question as to whether he was entering into his plea voluntarily. N.T. 12/18/12, p. 11.

PCRA Court Opinion, 4/16/15 at 3-4.

The PCRA court's findings are supported by the record. Appellant clearly admitted to committing the crimes to which he plead guilty in both the written and on-the-record guilty plea colloquies and acknowledged the

accuracy of the facts underlying those crimes as presented in the agreement. "Appellant is bound by these statements, which he made in open court while under oath, and he may not now assert grounds for withdrawing the plea which contradict the statements." **Willis**, 68 A.3d at 1009 (citing **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa. Super. 2007). Appellant likewise acknowledged that he was not offered any promises or other inducements in return for his voluntary guilty plea. We therefore find no evidence to support Appellant's contention that trial counsel unlawfully induced his guilty plea with false promises regarding a federal life sentence he was serving concurrent to the sentence imposed for first degree murder.

We further note that, despite Appellant's assertion that he would have filed a motion to suppress evidence had he known that the lead detective in his case was the subject of an unrelated internal affairs investigation for, *inter alia*, evidence tampering, Appellant presents no evidence that the detective engaged in impropriety in *his case*. Although Appellant baldly alleges fabrication and tampering of evidence, he does not support this claim with anything other than mere speculation. Accordingly, we find no evidence that the fact of the internal affairs investigation, if known to Appellant, would have persuaded Appellant to alter his plea.

As we have found no evidence to support Appellant's contention that his guilty plea was unknowingly or involuntarily entered or otherwise

rendered invalid due to ineffective assistance of counsel, we find no error in the PCRA court's dismissal of the PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2015